IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**HENRY VALDEZ,**                           Case No. 1:18 CV 287

      Petitioner,                       Judge Dan Aaron Polster

      v.                                        Magistrate Judge James R. Knepp, II

**WARDEN LYNEAL WAINWRIGHT,**

      Respondent.                    REPORT AND RECOMMENDATION

### INTRODUCTION

*Pro se* Petitioner Henry Valdez ("Petitioner"), a prisoner in state custody, filed a Petition seeking a writ of habeas corpus under 28 U.S.C. § 2254 ("Petition"). (Doc. 1). Respondent Warden Lyneal Wainwright ("Respondent") filed a Motion to Dismiss. (Doc. 8). Petitioner then filed a Motion for Voluntary Dismissal (Doc. 9), Respondent opposed (Doc. 10), and Petitioner responded (Doc. 11). The district court has jurisdiction over the Petition under § 2254(a). This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). (Non-document entry dated February 6, 2018). For the reasons discussed below, the undersigned recommends Petitioner's Motion for Voluntary Dismissal (Doc. 9) be denied, and Respondent's Motion to Dismiss (Doc. 8) be granted.

### FACTUAL BACKGROUND

For the purposes of habeas corpus review of state court decisions, findings of fact made by a state court are presumed correct and can only be contravened if the habeas petitioner shows, by clear and convincing evidence, erroneous factual findings by the state court. 28 U.S.C. § 2254(e)(1); *Moore v. Mitchell*, 708 F.3d 760, 775 (6th Cir. 2013); *Mitzel v. Tate*, 267 F.3d 524, 530 (6th Cir. 2001). This presumption of correctness applies to factual findings made by a state

court of appeals based on the state trial court record. *Mitzel*, 267 F.3d at 530. Here, the Ohio Ninth District Court of Appeals set forth the following facts:

> {¶ 2} On March 23, 2010, a complaint was filed in the Elyria Municipal Court charging Valdez with one count of rape. Valdez subsequently waived his right to a preliminary hearing and consented to the matter being bound over to the Lorain County Grand Jury. On May 5, 2010, the Lorain County Grand Jury indicted Valdez on one count of rape and one count of gross sexual imposition. After initially pleading not guilty to the charges at arraignment, Valdez appeared in the trial court and pleaded guilty to both counts in the indictment. The trial court imposed an eleven-year prison sentence on the count of rape and a four-year prison sentence on the count of gross sexual imposition. The trial court ran the sentences consecutively for a combined prison sentence of fifteen years. Valdez was also classified as a Tier III Sex Offender.
>
> {¶ 3} Subsequently, on June 17, 2014, Valdez filed a pro se motion to vacate his conviction. The trial court issued a journal entry promptly denying the motion.

(Ex. 19, Doc. 8-1, at 76); *State v. Valdez*, 2015 WL 3995185 (Ohio Ct. App.).

## PROCEDURAL HISTORY

State Court Conviction

In May 2010, a Grand Jury in Lorain County, Ohio indicted Petitioner on one count of rape and one count of gross sexual imposition. (Ex.1, Doc. 8-1, at 5-6). Petitioner pleaded not guilty to both counts. (Ex. 3, Doc. 8-1, at 9).

In September 2010, Petitioner, through counsel, filed a motion to suppress (Ex. 4, Doc. 8-1, at 10), which was denied by the trial court on December 15, 2010 (Ex. 8, Doc. 8-1, at 28).

On October 13, 2011, Petitioner, through counsel, withdrew his not guilty plea, and pleaded guilty to the charges as listed in the indictment. (Ex. 9, Doc. 8-1, 32). The parties agreed to a fifteen year prison sentence. (Ex. 10, Doc. 8-1, at 35). On October 13, 2011, the trial court sentenced Petitioner to the agreed sentence of fifteen years. (Ex. 12, Doc. 8-1, at 39).

Petitioner did not file a direct appeal.

Post-Conviction Petition

On June 17, 2014, Petitioner, *pro se*, filed a motion to vacate his conviction. (Ex. 13, Doc. 8-1, at 41). In it, Petitioner asserted his conviction was based on an invalid complaint and warrant. *Id*. at 42. On June 24, 2014, the trial court denied the motion as untimely, and found the underlying claims also barred by *res judicata*. (Ex. 14, Doc. 8-1, at 50).

On July 10, 2014, Petitioner filed an appeal to the Ninth District Court of Appeals, Lorain County. (Ex. 15, Doc. 8-1, at 51). In his brief, Petitioner set forth a single assignment of error:

1. Trial court lacked subject matter jurisdiction due to an invalid complaint and subsequent warrant.

(Ex. 16, Doc. 8-1, at 54) (capitalization altered). The State responded (Ex. 17, Doc. 8-1, at 66-67), and Petitioner replied (Ex. 18, Doc. 8-1, at 71).[1] On June 30, 2015, the Court of Appeals affirmed, holding that the trial court had jurisdiction. (Ex. 19, Doc. 8-1, at 76-78).

On July 29, 2015, Petitioner filed a notice of appeal to the Ohio Supreme Court. (Ex. 20, Doc. 8-1, at 80). In his memorandum in support, Petitioner asserted one proposition of law:

1. Trial court lacked subject matter jurisdiction due to an invalid complaint and subsequent warrant.

(Ex. 21, Doc. 8-1, at 83). The State opposed (Ex. 22, Doc. 8-1, at 97), and on September 30, 2015, the Ohio Supreme Court declined to accept jurisdiction (Ex. 23, Doc. 8-1, at 105).

*Supplemental Assignments of Error*

On October 14, 2015, Petitioner filed two "supplemental assignments of error" in the Ninth District Court of Appeals under the same case number as his first appeal from the denial of his motion to vacate. (Ex. 24, Doc. 8-1, at 106-07). Petitioner raised two assignments of error:

---

1. Petitioner's response at Exhibit 18 is illegible. The file stamp indicates the response was filed November 3, 2014 in Lorain County, Ohio. *See* Ex. 18, Doc. 8-1, at 71-75.

3

1. Trial court erred in not advising of right to appeal pursuant to Ohio Criminal Rule 32(B).

2. Trial court erred in sentencing to consecutive sentences without making the requisite required statutory findings with reasons on the record.

*Id.* (capitalization altered). In response, the State moved to strike because there was no appeal pending. (Ex. 25, Doc. 8-1, at 113). Petitioner then filed a motion for leave to file a delayed appeal. (Ex. 26, Doc. 8-1, at 115). On April 11, 2016, the Ninth District Court of Appeals struck the supplemental assignments of error, and denied Petitioner's motion for a delayed appeal, finding both were beyond the scope of filings authorized by the appellate rules. (Ex. 27, Doc. 8-1, at 120).

Petitioner appealed this decision to the Ohio Supreme Court on May 2, 2016. (Ex. 28, Doc. 8-1, at 121). In his memorandum in support of jurisdiction, he asserted two propositions of law:

1. Trial court erred in not advising of the right to appeal pursuant to Ohio Criminal Rule 32(B).

2. Trial Court erred in sentencing to consecutive terms without making the findings upon the record in violation of Ohio Revised Code 2929-14.

(Ex. 29, Doc. 8-1, at 124). The State responded, asserting both propositions of law were barred by *res judicata*, and arguing the court could not consider the appeal because Petitioner did not file a record as required by Ohio Appellate Rule 9. (Ex. 30, Doc. 8-1, at 139-40). On July 27, 2016, the Ohio Supreme Court declined to accept jurisdiction of the appeal. (Ex. 31, Doc. 8-1, at 145).

### FEDERAL HABEAS CORPUS

On January 21, 2018, Petitioner timely filed the instant habeas petition. (Doc. 1).[2] In it, Petitioner asserts four grounds for relief:

---

2. Pursuant to the prison mailbox rule, a *pro se* prisoner's pleading "is deemed filed when the inmate gives the document to prison officials to be mailed." *In re: Prison Litig. Reform Act*, 105 F.3d 1131, 1132 (6th Cir. 1997) (citing *Houston v. Lack*, 487 U.S. 266, 270 (1988)). *See* Doc. 1, at 15 (representing that Petition was placed in the prison mailing system on January 21, 2018).

4

| | |
|---|---|
| **GROUND ONE:** | State[] court violated the Petitioner['s] United States Constitutional right[s] Amendment 14 and 16. |
| **Supporting Facts**: | During the sentencing phase the sentencing judge failed to inform Petitioner his legal right to appeal his consecutive sentences to the court of appeals. |
| **GROUND TWO:** | State court violated the Petitioner['s] United States Constitutional rights Amendment 5, 6, and 14 due process. |
| **Supporting Facts**: | Trial court had no[] jurisdiction over a[n] invalid criminal complaint. |
| **GROUND THREE:** | Petitioner reserves the right to raise a third claim once information become[s] available to the Petitioner or amend the petition. |
| **GROUND FOUR:** | Petitioner reserves the right to raise a fourth claim once information become[s] available to the Petitioner or amend the petition. |

(Doc. 1, at 5-15) (capitalization altered).

## DISCUSSION

In her motion to dismiss, Respondent argues the Petition is time barred under either 28 U.S.C. § 2244(d)(1)(A) or (D). (Doc. 8, at 11-12). Petitioner responds by moving the Court to allow him to voluntarily dismiss his Petition without prejudice in order "to give the Petitioner an opportunity to exhaust his state remedy to appeal his conviction to the court of appeals". (Doc. 9, at 2). Respondent opposes the motion because he contends he will "suffer plain legal prejudice if the Petitioner's motion is granted". (Doc. 10, at 2) (citing *Grover v Eli Lilly & Co*., 33 F3d 716, 718 (6th Cir. 1994)). Further, Respondent argues Petitioner's efforts to pursue his state remedies are futile, because:1) once expired, the statute of limitations cannot be revived, and the time during which a federal habeas petition is pending does not toll; and 2) jointly recommended sentences are not appealable under Ohio law. *Id*. at 1-2. In response to Respondent's opposition, Petitioner argues his statute of limitations has not run because he has not fully exhausted his state remedies.

5

(Doc. 11, at 2). For the reasons discussed below, the undersigned recommends Petitioner's Motion to Voluntarily Dismiss (Doc. 9), be denied, and Respondent's Motion to Dismiss (Doc. 8) be granted.

Motion to Voluntarily Dismiss

Rule 12 of the Rules Governing 2254 Cases provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Pursuant to the Federal Rules of Civil Procedure, after an answer or motion for summary judgment is filed, a plaintiff may voluntarily dismiss a suit only "by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). A decision to grant or deny a voluntary dismissal to a plaintiff is committed to "the sound discretion of the district court." *See Grover,* 33 F.3d at 718. "Generally, an abuse of discretion is found only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Id*. (quoting *Cone v. West Virginia Pulp & Paper Co.,* 330 U.S. 212, 217 (1947)). To determine whether a defendant will suffer "plain legal prejudice", a court should consider: (1) a defendant's effort and expense to prepare for trial; (2) excessive delay and lack of diligence in prosecuting the matter on the part of the plaintiff; (3) "insufficient explanation for the need to take a dismissal"; and (4) whether the defendant has filed a motion for summary judgment. *Id.*

Here, as to the first factor, this case is in its early stages and "the mere prospect of a second lawsuit" is not enough to establish "plain legal prejudice". *Id*. Next, Petitioner demonstrated diligence in filing his Motion to Voluntarily Dismiss (Doc. 9), which he filed less than three weeks after Respondent filed her Motion to Dismiss (Doc. 8). However, Petitioner has not shown that returning to state court to pursue a delayed direct appeal would cure the statute of limitations defect

identified by Respondent (as discussed further below). *Malone v. Miller*, 2016 WL 7396005, at *2 (N.D. Ohio) (finding a Petitioner did not satisfy the third *Grover* factor where he failed to explain how his petition was filed incorrectly and it was "unclear what Petitioner intend[ed] to accomplish if his Petition were dismissed"), *report and recommendation adopted by* 2016 WL 7387137. Finally, no summary judgment motion has been filed in this case, however, "this factor is largely irrelevant as motions for summary judgment are not typically filed in habeas cases". *Id*. "There is no requirement that each of the *Grover* factors be resolved in favor of the moving party before dismissal is appropriate. The factors are 'simply a guide for the trial judge, in whom the discretion ultimately rests.'" *Rosenthal v. Bridgestone/Firestone, Inc*., 217 F. App'x 498, 502 (6th Cir. 2007) (quoting *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 474 (7th Cir. 1988)). On balance, the undersigned finds a consideration of these factors weighs against permitting voluntary dismissal.

Due to the futile nature of Petitioner's request, discussed in detail below, the undersigned recommends the court exercise its discretion and deny Petitioner's Motion for Voluntary Dismissal. (Doc. 9).

Statute of Limitations

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides for a one-year period during which a prisoner in state custody may file a petition for habeas relief in federal court. 28 U.S.C. § 2244(d)(1). The limitations period begins with any of the following scenarios, whichever is latest:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

*§ 2244(d)(1)(A)*

Under § 2244(d)(1)(A), a case becomes final when the time to file an appeal has expired. *Lawrence v. Florida*, 549 U.S. 327, 333 (2007). Although the statute of limitations is "not jurisdictional," it "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009). Here, Petitioner's conviction became final on November 29, 2011—the expiration of the 30-day period for filing an appeal under Ohio Appellate Rule 4(A). *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 459-60 (6th Cir. 2012) (citing *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2011)). The statute of limitations began running the following day—November 30, 2011—and expired one year later, on November 30, 2012, absent tolling. *See* Fed R. Civ. P. 6(a); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000). Thus, the Petition—filed January 21, 2018— is time-barred under § 2244(d)(1)(A) absent tolling.

*§ 2244(d)(1)(D)*

In Ground One, Petitioner alleges he was denied his right to appeal when the trial court failed to inform him of that right. (Doc. 1, at 5). Learning of the right to appeal in such

8

circumstances can be a factual predicate triggering a later start date under § 2244(d)(1)(D). *DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006).

Under § 2244(d)(1)(D), Petitioner "must show that he could not have discovered the factual predicate for his habeas claim earlier through the exercise of due diligence." *See Bey v. Capello*, 525 F. App'x 405, 408 (6th Cir. 2013) (citing *DiCenzi*, 452 F.3d at 471). Here, Petitioner first raised a claim that he was not informed of his appellate rights in his "supplemental assignments of error" filing to the Ninth District Court of Appeals on October 14, 2015. (Ex. 24, Doc. 8-1, at 106). In that filing, Petitioner did not identify a specific date when he learned of the right. *Id*. Petitioner noted that his "sentencing journal entry failed to notify [him] of his right to appeal pursuant to Crim.R.32(B)". *Id*. Importantly, Petitioner did not argue he did not *know* he had the right to appeal, he argued the trial court failed to *inform* him of his right to appeal. *Id*. Further, he does not allege any circumstance which prevented him from learning of his right to appeal. However, contrary to Petitioner's assertion, even if the Court were to recognize this filing date as the date Petitioner *learned* of his right to appeal, the statute of limitations would have expired one year later, in October 2016. In other words, Petitioner's return to State court to file a delayed appeal will not re-start the AEDPA statute of limitations. *DiCenzi*, 452 F.3d at 471. The Petition – filed January 21, 2018 – thus remains well beyond his one year statute of limitations.

Petitioner bears the burden of showing by a preponderance of the evidence that he was not advised of his rights. *Wolfe v. Randle*, 267 F. Supp. 2d 743, 748 (S.D. Ohio 2003) (citing *Faught v. Cowan*, 507 F.2d 273, 275 (6th Cir. 1974)). Here, appellate language is clearly absent from the plea agreement. *See* Ex. 10, Doc. 8-1, at 33-37. However, Petitioner's journey through this forest is an exercise in futility. This is so primarily because – even if he were to go back to the Ninth District Court of Appeals on the issue – jointly recommended sentences are not subject to appellate

review under Ohio law. *Shorter v. Richard*, 659 F. App'x 227, 233 n.1 (6th Cir. 2016) (citing Ohio Rev. Code § 2953.08(D)(1)). Further, even if the Ninth District Court of Appeals granted Petitioner the relief he seeks and allowed him to file a direct appeal, the date his conviction became final (November 30, 2012), would not change. And, as noted above, even if the Court were to recognize the filing date of his "supplemental assignments of error" as the date Petitioner *learned* of his right to appeal, the statute of limitations would have expired one year later, in October 2016. Thus, the undersigned finds Petitioner has not shown he is entitled to a later start date under § 2244(d)(1)(D).

Tolling

As noted above, the Petition is time-barred under both § 2244(d)(1)(A) and (D) unless Petitioner can show tolling, or actual innocence.

*Statutory Tolling*

A properly filed post-conviction petition can serve to toll the statute of limitations in habeas cases. 28 U.S.C. § 2244(d)(2). A state application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings, such as those prescribing the time limits for filing." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). State courts are the final arbiters of whether a state collateral action is considered timely, and thus, properly filed. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). A state post-conviction petition rejected by the state court on timeliness grounds is not properly filed and, therefore, it cannot serve as the basis for statutory tolling. *Allen v. Siebert*, 552 U.S. 3, 5 (2007). Importantly, once the AEDPA statute of limitations expires, state collateral review proceedings can no longer serve to avoid the time-bar. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("The tolling provision does not, however, revive the limitations period (i.e.,

10

restart the clock at zero; it can only serve to pause a clock that has not yet fully run.") (internal quotation and citation omitted).

Statutory tolling does not help Petitioner in this case. As noted above, his conviction became final on November 30, 2011, and expired one year later, on November 30, 2012. (Ex. 12, Doc. 8-1, at 39). Petitioner did not file his first Petition for Post-Conviction Relief until June 2014 – *after* the limitations period had run. (Ex. 13, Doc. 8-1, at 41). Further, his "supplemental assignment of errors" filing was not filed until October 14, 2015 – almost three years after the limitations period ran. (Ex. 24, Doc. 8-1, at 106). If Petitioner pursued the direct appeal in state court as requested, such a filing would be entered nearly 6 years after the limitation period ran. Again, because all of these actions occurred after the AEDPA statute of limitations had run, none of them can serve as a basis for statutory tolling. *Vroman*, 346 F.3d at 602; *Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003) ("a motion for state post-conviction review that is filed following the period for seeing habeas relief cannot toll that period because there is no period remaining to toll"). Absent equitable tolling, therefore, the Petition is untimely.

*Equitable Tolling*

Petitioner bears the burden of establishing his entitlement to equitable tolling. *See Jurado*, 337 F.3d at 642. To meet this burden, Petitioner must show that: 1) extraordinary circumstances prevented the filing of his petition, and 2) he was diligent in pursuing his case. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling should only be granted "sparingly". *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006). Further, in the extreme circumstance, a petitioner can prove his entitlement to equitable tolling through a showing of actual innocence under the "miscarriage of justice" standard. *Schlup v. Delo*, 513 U.S. 298 (1995). A showing of actual innocence requires "new reliable evidence – whether it be exculpatory scientific evidence,

11

trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Id*. at 324.

Here, as noted above, Petitioner has not provided an explanation for the six year delay in filing his Petition, other than he was not advised of his right to appeal. (Doc. 1, at 5). However, Petitioner has not outlined any extraordinary circumstances that in any way *prevented* him from filing a petition, nor has he shown he was diligent in discovering his right to appeal. *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007); *see also Shorter*, 659 F. App'x at 232 ("In this case, Petitioner's sentencing—at which the district court failed to notify him of his appellate rights under Ohio law—triggered the duty of due diligence. Petitioner has given no explanation for the five-year delay in filing a Rule 5(A) motion, and has not mentioned anything he did to inquire about his potential appellate rights—after receiving the 2008 letter from his lawyer in mentioning the possibility of an appeal—save attaching an affidavit that he first learned of the possibility of appeal in 2013 from another inmate."). The record further demonstrates Petitioner's lack of diligence given the nearly two year gap between the final state court action (the Ohio Supreme Court declining jurisdiction in his "supplemental assignment of error" filing in July 2016), and the filing of this Petition in January 2018. *See* Ex. 31, Doc. 8-1, at 145; *see also* Doc. 1, at 1. He took no action during this time and provided no reason for doing so. Finally, Petitioner has not provided evidence to suggest actual innocence in this case. Thus, the undersigned finds Plaintiff is not entitled to equitable tolling here.

Finally, a guilty plea is valid when it is made freely, knowingly, and voluntarily. *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) (*citing Brady v. United States*, 397 U.S. 742, 748 (1970)); *King v. Dutton*, 17 F.3d 151, 153 (6th Cir. 1994) ("The plea must be made with knowledge of the 'relevant circumstances and likely consequences.'") (quoting *Brady*, 397 U.S. at 748).

Petitioner has not argued – to this Court, or any other – that the plea was in any way coerced or otherwise ambiguous.

Under § 2244(d)(1)(A), Petitioner's AEDPA statute of limitations expired on November 30, 2012. Because he has not shown an entitlement to a later start date, tolling, or demonstrated actual innocence, his Petition, filed January 21, 2018, is untimely.

### CONCLUSION AND RECOMMENDATION

Following review, and for the reasons stated above, the Court recommends Petitioner's Motion to Voluntarily Dismiss (Doc. 9) be denied, and Respondent's Motion to Dismiss (Doc. 8) be granted.

s/James R. Knepp, II<br>
United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).